UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTINA ANN GATER

         Plaintiff,

-vs.

RUSSELL COLLECTION AGENCY, INC.,

         Defendant.
_____/

## COMPLAINT & JURY DEMAND

Plaintiff, Cortina Ann Gater through counsel, Stephen A. Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

2. This action arises out of Defendant Russell Collection Agency, Inc.'s violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Cortina Ann Gater is a natural person who resides in the City of Farmington, County of Oakland, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Russell Collection Agency, Inc. (hereinafter ("Russell") is a Michigan corporation with minimum contacts in Michigan and is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant Russell may be served by serving Gerald M. Wenta, G-3285 Van Slyke Road Flint, Michigan 48507-3278.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Wayne County.

7. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Plaintiff Cortina Ann Gater received services from Botsford Imaging Center on April 29, 2012.

9.     That Plaintiff Cortina Ann Gater suffers from a condition called Idiopathic thrombocytopenic purpura (ITP), which is a disorder that can lead to easy or excessive bruising and bleeding.

10.    That Plaintiff Cortina Ann Gater filed a Chapter 7 Bankruptcy on March 27, 2013.

11     That Plaintiff Cortina Ann Gater received her Chapter 7 Bankruptcy discharge on July 2, 2013.

12.    That Plaintiff Cortina Ann Gater was subsequently contacted by Defendant Russell that she owed an outstanding balance of $541.00 from Botsford Imaging Center in a letter dated January 22, 2014.

13.    That Defendant Russell sent the collection letter to the address of Plaintiff Cortina Ann Gater's mother at 15484 Steel Street, Detroit, MI 48227-4034.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT.

14.    Plaintiff Cortina Ann Gater incorporates the preceding allegations by reference.

15.    At all relevant times Defendant Russell, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiffs are "consumers" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant Russell is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

18. Defendant Russell's foregoing acts in attempting to collect this debt violated 15 U.S.C. § 1692 et seq.

19. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE.

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant Russell is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Plaintiff is a "debtor" as that term is defined in M.C.L. § 339.901(f).

23. Defendant Russell's foregoing acts in attempting to collect this debt violated M.C.L. § 339.915.

24. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT.

4

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant Russell is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

28. Plaintiff is a "consumer" as that term is defined at M.C.L. § 445.251.

29. Defendant Russell's foregoing acts in attempting to collect this debt violated M.C.L. § 445.252.

30. Plaintiff has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

### COUNT IV - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT.

32. Plaintiff incorporates the preceding allegations by reference.

33. At all relevant times, Defendant Russell, upon information and belief, was using an "automatic telephone dialing system" in connection with its offending contacts with the Plaintiffs as that term is defined at 47 U.S.C. § 227(a)(1).

34. At no time has the Defendant Russell ever had an "established business relationship" with the Plaintiff as that term is defined at 47 U.S.C. § 227(a)(2).

35. Plaintiff is a "consumer" for purposes of the TCPA and the debt at issue is a consumer debt.

36. In violation of the proscription against contacting persons on cellular telephones, the Defendant Russell made several contacts in contravention of 47 USC § 227(b)(1)(iii).

37. These violations of this statute were all willful.

38. The Plaintiff has suffered damages as a result of these violations of the Telephone Consumer Protection Act at 47 U.S.C. § 227(b)(3).

### COUNT V – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION.

39. Plaintiff incorporates the preceding allegations by reference.

40. The restatement of Torts, Second, § 652(b) defines intrusion upon seclusion, "One who intentionally intrudes upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to the reasonable person."

41. Michigan further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant Russell violated Michigan state law.

42. The Defendant Russell intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with an excessive amount of calls to her cell phone.

43. The telephone calls made by Defendant Russell to the Plaintiff were so persistent and repeated with such frequency as to be considered,

6

"hounding the plaintiff" and "a substantial burden to their existence, " thus satisfying the Restatement of Torts, Second, §652(b) requirement for an invasion of privacy.

44. The conduct of the Defendant Russell in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

45. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Russell.

46. All acts of Defendant Russell and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Plaintiff is entitled to punitive damages.

### COUNT VI - INTENTIONAL (OR NEGLIGENT) INFLICTION OF EMOTIONAL DISTRESS.

47. Plaintiff incorporates the preceding allegations by reference.

48. The acts, practices and conduct engaged in by the Defendant Russell vis-a-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

49. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Michigan.

50. Defendant Russell could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

51. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant her the following relief against the Defendant Russell:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

January 6, 2015

/s/ Stephen A. Thomas
STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold St., Suite 1360
Detroit, Michigan  48226
313-965-2265
sthomas@313965Bank.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN     )
                      ) ss
COUNTY OF WAYNE       )

I, Cortina A. Gater, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Cortina A. Gater

Subscribed and sworn to before me this
19th day of November 2014

_____
Notary Public

Stephen A. Thomas, Notary Public
State of Michigan, County of Wayne
My Commission Expires 3/30/2019
Acting in the County of Wayne